

**Service of Process Transmittal**
09/03/2010
CT Log Number 517221987

| | |
|---|---|
| **TO:** | Christian Parker<br>Cavalry Portfolio Services LLC<br>7 Skyline Drive, 3rd Floor<br>Hawthorne, NY 10532 |
| **RE:** | **Process Served in New Jersey** |
| **FOR:** | Cavalry Portfolio Services, LLC (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Martha Cabell Wagner, on behalf of herself and those similarly situated, Pltfs. vs. Cavalry Portfolio Services, LLC, et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Attachment(s), Complaint and Jury Demand, Case Information Statement |
| **COURT/AGENCY:** | Ocean County, Superior Court, Law Division, NJ<br>Case # L-3220-10 |
| **NATURE OF ACTION:** | Fair Debt Collection Practices Act Violations - Class Action - Cavalry's practice of filing lawsuits against New Jersey consumers on MBNA accounts after the applicable statute of limitations had expired by using a false, deceptive or misleading representation or means - Seeking injunctive relief prohibiting Cavalry from commiting future volations of the FDCPA |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Trust Company, West Trenton, NJ |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 09/03/2010 at 12:15 |
| **APPEARANCE OR ANSWER DUE:** | Within 35 days, not counting the date you received it |
| **ATTORNEY(S) / SENDER(S):** | Christopher J, McGinn<br>The Law Office of Christoper J. McGinn<br>P.O. Box 365<br>79 Paterson St.<br>New Brunswick, NJ 08901<br>732-937-9400 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 09/03/2010, Expected Purge Date: 09/08/2010<br>Image SOP<br>Email Notification, Jayda Cooke JCooke@cavps.com<br>Email Notification, Terry Rivera TWRivera@cavps.com |
| **SIGNED:** | The Corporation Trust Company |
| **PER:** | Tyeasha Harris |
| **ADDRESS:** | 820 Bear Tavern Road<br>3rd Floor<br>West Trenton, NJ 08628 |
| **TELEPHONE:** | 609-538-1818 |

Page 1 of 1 / DP

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

## SUMMONS

Christopher J. McGinn, Esq.,
The Law Office of Christopher J. McGinn
P.O. Box 365
79 Paterson St., New Brunswick, NJ 08901
(732) 937-9400 – phone
(800) 931-2408 - fax
Attorney for Plaintiff and Those Similarly Situated

| | |
|---|---|
| Martha Cabell Wagner, on behalf of herself and those similarly situated, <br> Plaintiffs, <br> vs. <br> Cavalry Portfolio Services, LLC, and John Does 1 to 25, <br> Defendants. | SUPERIOR COURT OF NEW JERSEY <br> LAW DIVISION: OCEAN COUNTY <br><br> Civil Action <br> Docket No.: L-3220-10 <br><br> **SUMMONS** |

From The State of New Jersey To Defendant Cavalry Portfolio Services, LLC Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

_Jennifer M. Perez_ by cm
Jennifer M. Perez
Acting Clerk of the Superior Court

Dated: September 2, 2010
To: Defendant via Corporation Trust Company, 820 Bear Tavern Rd., West Trenton, NJ 08628

## Directory of Superior Court Deputy Clerk's Offices
## County Lawyer Referral and Legal Services Offices

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401

LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Room 115
Justice Center, 10 Main St.
Hackensack, NJ 07601

LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl., Courts Facility
49 Rancocas Rd.
Mt. Holly, NJ 08060

LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(800) 496-4570

**CAMDEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Processing Office
Hall of Justice
1st Fl., Suite 150
101 South 5th Street
Camden, NJ 08103

LAWYER REFERRAL
(856) 964-4520
LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
9 N. Main Street
Cape May Court House, NJ 08210

LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
60 West Broad Street
P.O. Box 10
Bridgeton, NJ 08302

LAWYER REFERRAL
(856) 696-5550
LEGAL SERVICES
(856) 691-0494

**ESSEX COUNTY:**
Deputy Clerk of the Superior Court
Civil Customer Service
Hall of Records, Room 201
465 Dr. Martin Luther King Jr. Blvd.
Newark, NJ 07102

LAWYER REFERRAL
(856) 482-0618
LEGAL SERVICES
(973) 624-4500

**GLOUCESTER COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
First Fl., Court House
1 North Broad Street
Woodbury, NJ 08096

LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

**HUDSON COUNTY:**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House--1st Floor
583 Newark Ave.
Jersey City, NJ 07306

LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822

LAWYER REFERRAL
(908) 735-2611
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY:**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 S. Broad Street, P.O. Box 8068
Trenton, NJ 08650

LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior Court,
Middlesex Vicinage
2nd Floor - Tower
56 Paterson Street, P.O. Box 2633
New Brunswick, NJ 08903-2633

LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600

**MONMOUTH COUNTY:**
Deputy Clerk of the Superior Court
Court House
P.O. Box 1269
Freehold, NJ 07728-1269

LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY:**
Morris County Courthouse
Civil Division
Washington and Court Streets
P. O. Box 910
Morristown, NJ 07963-0910

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk of the Superior Court
118 Washington Street, Room 121
P.O. Box 2191
Toms River, NJ 08754-2191

LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton Street
Paterson, NJ 07505

LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 523-2900

**SALEM COUNTY:**
Deputy Clerk of the Superior Court
Attn: Civil Case Management Office
92 Market Street
Salem, NJ 08079

LAWYER REFERRAL
(856) 678-8363
LEGAL SERVICES
(856) 451-0003

**SOMERSET COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
P.O. Box 3000
40 North Bridge Street
Somerville, N.J. 08876

LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY:**
Deputy Clerk of the Superior Court
1st Fl., Court House
2 Broad Street
Elizabeth, NJ 07207-6073

LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
Court House
413 Second Street
Belvidere, NJ 07823-1500

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(908) 475-2010

Glen H. Chulsky, Esq.
Law Offices of Glen H. Chulsky
410 Route 10 West, Suite 210
Ledgewood, NJ 07852
(973) 252-9000 – Phone
(973) 252-9100 – Fax

Christopher J. McGinn, Esq.
The Law Office of Christopher J. McGinn
P.O. Box 365
79 Paterson St.
New Brunswick, NJ 08901
(732) 937-9400 – Phone
(800) 931-2408 – Fax

Attorneys for Plaintiff on behalf of herself
and those similarly situated

FILED
AUG 20
SUPERIOR COURT OCEAN COUNTY

| | |
|---|---|
| Martha Cabell Wagner, on behalf of herself and those similarly situated,<br><br>Plaintiffs,<br>vs.<br><br>Cavalry Portfolio Services, LLC, and John Does 1 to 25,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>OCEAN COUNTY - LAW DIVISION<br><br>Civil Action<br><br>Docket No. L-3220-10<br><br>CLASS ACTION COMPLAINT<br>AND JURY DEMAND |

## NATURE OF THE ACTION

1. Defendant Calvary Portfolio Services, LLC sued Plaintiff in New Jersey Superior Court to collect an debt allegedly owed on a credit card agreement. The lawsuit was timed barred by the applicable statute of limitations. Moreover, the underlying credit agreement required that any and all disputes be filed in arbitration and explicitly forbade the filing of a lawsuit in Court.

2. Filing a lawsuit that is barred by the statute of limitations or that is barred by contract violates the federal Fair Debt Collection Practices Act (FDCPA), § 1692 et seq. of Title 15 of the United States Code.

Page 1 of 10

3. Plaintiff brings this action on behalf of herself and others similarly situated for damages, declaratory, injunctive, and other relief arising from Defendants' violations of § 1692 et seq. of Title 15 of the United States Code, the Fair Debt Collection Practices Act (FDCPA).

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter alleging violations of the FDCPA, 15 U.S.C. § 1692 et seq. pursuant to 15 U.S.C. § 1692k(d).

5. Venue in this action properly lies in Ocean County as the Defendant is an out of state business entity that transacts business in Ocean County and Plaintiff resides there.

## PARTIES

6. Plaintiff Martha Cabell Wagner resides in Bayville, New Jersey.

7. Cavalry Portfolio Services, LLC (hereinafter, Cavalry), is a foreign limited liability company with a main business address located in Hawthorne, New York.

8. Defendant John Does 1 to 25 are fictitious names of individuals and businesses alleged for the purpose of substituting names of defendants whose identity will be disclosed in discovery and should be made parties to this action.

## ALLEGATIONS OF FACT

9. Cavalry filed a complaint against Wagner attempting to collect an amount allegedly owed to it.

10. The complaint against Ms. Wagner was filed on April 30, 2010 with the Superior Court of New Jersey, Law Division, Special Civil Part in Ocean County, New Jersey.

11. Before filing the complaint, Cavalry took assignment of a debt that Wagner allegedly owed to MBNA/FIA Card Services, N.A (hereinafter, MBNA or MBNA account).

12. According to Cavalry's predecessor in interest, the MBNA account that Cavalry sued Wagner for was 120 days late in October 2003.

13. The last payment made towards the MBNA account in question was received by MBNA or its agents more than 3 years before the complaint was filed by Cavalry against Ms. Wagner.

14. The last payment made towards the MBNA account in question was received by MBNA or its agents more than 6 years before the complaint was filed by Cavalry against Ms. Wagner.

15. According to the applicable agreement(s) governing the MBNA account allegedly owed by Wagner, the agreements and the accounts were made in Delaware and are governed by the laws of Delaware.

16. Delaware provides for a 3 year statute of limitations.

17. According to the applicable agreement(s) governing the MBNA accounts allegedly owed by Wagner, no party to the MBNA agreement can litigate claims in court.

18. According to the applicable agreement(s) governing the MBNA accounts allegedly owed by Wagner, claims the parties have must be resolved by binding arbitration.

19. Within the period beginning on the day one year prior to the date this Complaint is filed to the present, Cavalry filed over 50 lawsuits in Court against consumers on allegedly unpaid MBNA accounts where the underlining agreement contained an arbitration clause the same or similar to MBNA's agreement with Ms. Wagner.

20. Within the period beginning on the day one year prior to the date this Complaint is filed to the present, Cavalry filed over 100 lawsuits in Court against consumers on allegedly unpaid MBNA accounts where the underlining agreement contained an arbitration clause the same or similar to MBNA's agreement with Ms. Wagner.

21. Within the period beginning on the day one year prior to the date this Complaint is filed to the present, Cavalry filed lawsuits in New Jersey State Superior Court on allegedly unpaid MBNA accounts against more than 50 New Jersey consumers in which the applicable statute of limitations had expired at the time the lawsuits were filed.

22. Within the period beginning on the day one year prior to the date this Complaint is filed to the present, Cavalry filed lawsuits in New Jersey State Superior Court on allegedly unpaid MBNA accounts against more than 100 New Jersey consumers in which the applicable statute of limitations had expired at the time the lawsuits were filed.

23. Cavalry knew or should have known that its actions violated the FDCPA.

24. Cavalry could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

25. At all times relevant, the principal purpose of Cavalry was the collection of debts using the mails and telephone.

26. At all times relevant, Cavalry regularly attempted to collect debts alleged to be due to it.

27. At all times relevant, Cavalry regularly collected or attempted to collect debts due or alleged to be due it.

28. At all times relevant, Cavalry regularly collected or attempted to collect debts owed or due or asserted to be owed or due it, which debts were incurred primarily for personal, family or household purposes.

29. At all times relevant, Cavalry used the mail, telephone or other instruments of interstate commerce in its attempts to collect debts due or alleged to be due it.

30. At all times relevant, Cavalry used the mail, telephone or other instruments of interstate commerce in its attempts to collect consumer debts owed or due or asserted to be owed or due it.

31. At all times relevant, the principal business engaged in by Cavalry was the collection of debts, which debts were incurred primarily for personal, family or household purposes.

32. Cavalry is a "debt collector" within the scope of the definition contained in 15 U.S.C. § 1692a(6) and interpretations thereof.

33. Cavalry has been found to be a "debt collector" and/or has admitted to being a "debt collector" within the scope of the definition contained in 15 U.S.C. § 1692a(6) and interpretations thereof in lawsuits brought against them within the last two years alleging violations of the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq.).

34. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

35. The debts alleged to be owed by the Plaintiff and others similarly situated are consumer debts.

36. Plaintiff and others similarly situated are consumers as they are natural persons allegedly obligated to pay a debt, in which the money, property, insurance, or services, which was the subject of the transaction, was primarily for personal, family and/or household purposes.

## CLASS ACTION ALLEGATIONS

37. This action is brought and may properly proceed as a class action, pursuant to the provisions of Rule 4:32 of the New Jersey Court Rules. Plaintiff brings this action on behalf of herself and others similarly situated. The Class is initially defined as follows:

> All consumers who, within the appropriate statutory period, were sued by Cavalry in Court, in connection with the collection of a debt on an MBNA account, where the MBNA agreement contained a provision forbidding claims from being litigated in court.

> The Class includes the following subclass: All New Jersey consumers who, within the appropriate statutory period, were sued by Cavalry in Court, in connection with the collection of debts on MBNA accounts, where the applicable statute of limitations had expired at the time the lawsuit was filed.

The Class and Subclass may be subsequently refined.

Specifically excluded from the Class is any entity in which Cavalry has a controlling interest, and the officers, directors, employees, affiliates, subsidiaries, legal representatives, heirs, successors and its assigns of any entity, together with any immediate family member of any officer, director or employee of said companies. Also excluded from the Class is any Judge presiding over this Action and members of their immediate families.

38. Plaintiff seeks to recover statutory damages, attorney's fees and costs on behalf of all class members under the Fair Debt Collection Practices Act.

39. The Class Members for whose benefit this action is brought are so numerous that joinder of all members is impracticable.

40. There are questions of law and fact common to the members of the Class that predominate over questions affecting only individuals. These common questions include, but are not limited to:

> A. Whether Plaintiff and the Class have been injured by Cavalry's conduct;
>
> B. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Cavalry' wrongdoing and, if so what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution;
>
> C. Whether Cavalry's practice of suing consumers in Court in connection with the collection of debts on MBNA accounts, where the applicable MBNA agreement contains a provision that provides that claims cannot be litigated in court, constitutes a violation of the FDCPA;
>
> D. Whether Cavalry's practice of suing consumers in New Jersey Superior Court in connection with the collection of debts on MBNA accounts, where the applicable statute of limitations has expired, constitutes a violation of the FDCPA;

E. Whether Cavalry has violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e, § 1692e(2)(A), § 1692e(10), and § 1692f; and

F. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

41. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. While the economic damages suffered by the individual class members are significant, the amount may be modest compared to the expense and burden of individual litigation. Additionally, the FDCPA statutory scheme provides for statutory damages payable to each class member. A class action will cause an orderly and expeditious administration of the claims of the Class and will foster economies of time, effort and expense.

42. The claims of the Plaintiff are typical of the claims of the members of the Class.

43. The questions of law and/or fact common to the members of the Class predominate over any questions affecting only individual members.

44. Plaintiff does not have interests antagonistic to those of the Class.

45. The Class, of which Plaintiff is a member, is readily identifiable.

46. Plaintiff will fairly and adequately protect the interests of the Class, and has retained competent counsel experienced in the prosecution of consumer litigation. Proposed Class Counsel has investigated and identified potential claims in the action; has significant experience in litigating class actions, other complex litigation, and claims of the type asserted in this action.

47. The prosecution of separate actions by individual members of the Class would run the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for Cavalry in this action or the prosecution of separate actions by individual members of the class would create the risk that adjudications with respect to individual members of the class would as a practical matter be dispositive of the interests of the other members not parties

to the adjudications or substantially impair or impede their ability to protect their interests. Prosecution as a class action will eliminate the possibility of repetitious litigation.

48. Cavalry has acted or refuse to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

49. Plaintiff does not anticipate any difficulty in the management of this litigation.

## FIRST CLASS COUNT
### Fair Debt Collection Practices Act Violations

50. Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

51. Cavalry violated 15 U.S.C. § 1692 et seq. of the FDCPA in connection with its filing of complaints in courts against Plaintiff and others similarly situated.

52. Cavalry's practice of filing lawsuits against New Jersey consumers on MBNA accounts after the applicable statute of limitations had expired violated 15 U.S.C. § 1692e of the FDCPA by using a false, deceptive or misleading representation or means in connection with its attempts to collect the alleged debts from Plaintiff and others similarly situated.

53. Cavalry's practice of filing lawsuits against consumers on MBNA accounts when the applicable agreement prohibited same violated 15 U.S.C. § 1692e of the FDCPA by using a false, deceptive or misleading representation or means in connection with its attempts to collect the alleged debts from Plaintiff and others similarly situated.

54. By filing lawsuits against New Jersey consumers on MBNA accounts after the applicable statute of limitations had expired, Cavalry violated various provisions of the FDCPA, Including but not limited to, 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(2)(A), 15 U.S.C. § 1692e(10), and 15 U.S.C. § 1692f.

55. By filing lawsuits against consumers on MBNA accounts when the applicable agreement prohibited same, Cavalry violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(2)(A), 15 U.S.C. § 1692e(10), and 15 U.S.C. § 1692f.

56. Cavalry violated 15 U.S.C. § 1692e(2)(A) of the FDCPA by falsely representing the character, amount or legal status of the alleged debts in the lawsuits it filed against Plaintiff and others similarly situated.

57. Cavalry violated 15 U.S.C. § 1692e(10) of the FDCPA by using a false representation or deceptive means to collect or attempt to collect a debt from Plaintiff and others similarly situated.

58. Cavalry violated 15 U.S.C. § 1692f of the FDCPA by using unfair and unconscionable means to collect or attempt to collect a debt from Plaintiff and others similarly situated.

59. The violations of the FDCPA described herein constitute *per se* violations.

**WHEREFORE**, Plaintiff, on behalf of herself and others similarly situated, demands judgment against Cavalry as follows:

A. To certify this matter as a class action, appointing Plaintiff as the Class Representative and her attorneys as Class Counsel;

B. For injunctive relief prohibiting Cavalry future violations of the FDCPA (15 U.S.C. § 1692 et seq.) as set forth herein and requiring Cavalry to comply with these statutes and all applicable regulations;

C. For declaratory judgment that Cavalry violated the FDCPA (15 U.S.C. § 1692 et seq.);

D. For compensatory damages;

E. For maximum statutory damages under the FDCPA (15 U.S.C. § 1692 et seq.) and all other applicable statutes;

F. For reasonable attorneys' fees and costs of suit in connection with this action pursuant to 15 U.S.C. § 1692k(a)(3) and all other applicable statutes;

G. For pre-judgment and post-judgment interest; and

H. For such other and further relief as Plaintiff and others similarly situated may be entitled or as the Court deems equitable and just

## JURY DEMAND

Plaintiff demands a trial by jury on all issues subject to trial.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Glen H. Chulsky, Esq. is hereby designated as trial counsel for the Plaintiff in the above matter.

## CERTIFICATION

Pursuant to R. 4:5-1, I hereby certify to the best of my knowledge that the matter in controversy is not the subject of any other action pending in any court or the subject of a pending arbitration proceeding, nor is any other action or arbitration proceeding contemplated other than an action commenced in the Superior Court of New Jersey, Law Division, Special Civil Part, Docket No. DC-010018-10 entitled "Cavalry Portfolio Services, LLC v. Martha Cabell Martin". I further certify that I know of no party who should be joined in the action at this time.

GLEN H CHULSKY
LAW OFFICE OF GLEN H CHULSKY

Attorneys for Plaintiff and those similarly situated

Dated: August 18, 2010

**Appendix XII-B1**

| | CIVIL CASE INFORMATION STATEMENT (CIS) | FOR USE BY CLERK'S OFFICE ONLY |
|---|---|---|
| [SEAL] | Use for initial Law Division Civil Part pleadings (not motions) under *Rule* 4:5-1. Pleading will be rejected for filing, under *Rule* 1:5-6(c), if information above the black bar is not completed or attorney's signature is not affixed | PAYMENT TYPE: ☐ CK ☐ CG ☐ CA<br>CHG/CK NO.<br>AMOUNT:<br>OVERPAYMENT:<br>BATCH NUMBER: |

| ATTORNEY / PRO SE NAME<br>Glen H. Chulsky | TELEPHONE NUMBER<br>(973) 252-9000 | COUNTY OF VENUE<br>Ocean |
|---|---|---|
| FIRM NAME (If applicable)<br>Law Office of Glen H. Chulsky | | DOCKET NUMBER (when available)<br>TO BE ASSIGNED  L-3220-10 |
| OFFICE ADDRESS<br>410 Route 10 West, Suite 210<br>Ledgewood, NJ 07852 | | DOCUMENT TYPE<br>Class Action Complaint |
| | | JURY DEMAND  ■ YES  ☐ NO |

| NAME OF PARTY (e.g., John Doe, Plaintiff)<br>Martha Cabell Wagner, on behalf of herself and those similarly situated | CAPTION<br>Martha Cabell Wagner, on behalf of herself and those similarly situated v. Cavalry Portfolio Services, LLC |
|---|---|
| CASE TYPE NUMBER (See reverse side for listing)<br>508 | IS THIS A PROFESSIONAL MALPRACTICE CASE?  ☐ YES  ■ NO<br>IF YOU HAVE CHECKED "YES," SEE N.J.S.A. 2A:53 A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |
| RELATED CASES PENDING?<br>■ YES  ☐ NO | IF YES, LIST DOCKET NUMBERS<br>OCN-DC-010018-10 |
| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)?<br>☐ YES  ■ NO | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known)<br>☐ NONE<br>■ UNKNOWN |

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?<br>☐ YES  ■ NO | IF YES, IS THAT RELATIONSHIP:<br>☐ EMPLOYER/EMPLOYEE  ☐ FRIEND/NEIGHBOR  ☐ OTHER (explain)<br>☐ FAMILIAL  ☐ BUSINESS |
|---|---|
| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? | ■ YES  ☐ NO |

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION
This class action litigation is based on Defendant's violations of the Fair Debt Collection Practices Act, 15 USC 1692 et seq.

| ♿ | DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?<br>☐ YES  ■ NO | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|---|
| | WILL AN INTERPRETER BE NEEDED?<br>☐ YES  ■ NO | IF YES, FOR WHAT LANGUAGE? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE: _____

Effective 04/01/2010, CN 10517-English                                    page 1 of 2

**Side 2**

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I - 150 days' discovery**
- 151 NAME CHANGE
- 175 FORFEITURE
- 302 TENANCY
- 399 REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
- 502 BOOK ACCOUNT (debt collection matters only)
- 505 OTHER INSURANCE CLAIM (INCLUDING DECLARATORY JUDGMENT ACTIONS)
- 506 PIP COVERAGE
- 510 UM or UIM CLAIM
- 511 ACTION ON NEGOTIABLE INSTRUMENT
- 512 LEMON LAW
- 801 SUMMARY ACTION
- 802 OPEN PUBLIC RECORDS ACT (SUMMARY ACTION)
- 999 OTHER (Briefly describe nature of action)

**Track II - 300 days' discovery**
- 305 CONSTRUCTION
- 509 EMPLOYMENT (other than CEPA or LAD)
- 599 CONTRACT/COMMERCIAL TRANSACTION
- 603 AUTO NEGLIGENCE – PERSONAL INJURY
- 605 PERSONAL INJURY
- 610 AUTO NEGLIGENCE – PROPERTY DAMAGE
- 699 TORT – OTHER

**Track III - 450 days' discovery**
- 005 CIVIL RIGHTS
- 301 CONDEMNATION
- 602 ASSAULT AND BATTERY
- 604 MEDICAL MALPRACTICE
- 606 PRODUCT LIABILITY
- 607 PROFESSIONAL MALPRACTICE
- 608 TOXIC TORT
- 609 DEFAMATION
- 616 WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
- 617 INVERSE CONDEMNATION
- 618 LAW AGAINST DISCRIMINATION (LAD) CASES

**Track IV - Active Case Management by Individual Judge / 450 days' discovery**
- 156 ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
- 303 MT. LAUREL
- 508 COMPLEX COMMERCIAL
- 513 COMPLEX CONSTRUCTION
- 514 INSURANCE FRAUD
- 620 FALSE CLAIMS ACT
- 701 ACTIONS IN LIEU OF PREROGATIVE WRITS

**Centrally Managed Litigation (Track IV)**
- 280 Zelnorm
- 285 Stryker Trident Hip Implants
- 288 Prudential Tort Litigation

**Mass Tort (Track IV)**
- 248 CIBA GEIGY
- 266 HORMONE REPLACEMENT THERAPY (HRT)
- 271 ACCUTANE
- 272 BEXTRA/CELEBREX
- 274 RISPERDAL/SEROQUEL/ZYPREXA
- 275 ORTHO EVRA
- 277 MAHWAH TOXIC DUMP SITE
- 278 ZOMETA/AREDIA
- 279 GADOLINIUM
- 281 BRISTOL-MYERS SQUIBB ENVIRONMENTAL
- 282 FOSAMAX
- 283 DIGITEK
- 284 NUVARING
- 286 LEVAQUIN
- 287 YAZ/YASMIN/OCELLA
- 601 ASBESTOS
- 619 VIOXX

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics.

Please check off each applicable category
☐ Verbal Threshold     ■ Putative Class Action     ☐ Title 59